Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | SITTING JUDGE IF OTHER THAN ASSIGNED JUDGE | |
|---|---|---|---|
| CASE NUMBER | 99 C 7421 | DATE | NOV. 29, 2001 |
| CASE TITLE | JOANN ALEK v. UNIVERSITY OF CHICAGO HOSPITALS | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [OTHER DOCKET ENTRY] Plaintiff's motions [47], [48], [49], and [55] are denied. Defendant's motion [40] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff in the amount of $430.00 representing sanctions under Fed. R. Civ. P. 37(a)(4). In open court on January 16, 2002 at 11:00 a.m., the parties shall submit an original and one copy of a final pretrial order in full compliance with Local Rule 16.1 and Local Rule Forms 16.1.1 and 16.1.3.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 03 2001 | |
| | Notified counsel by telephone. | | date docketed | 56 |
| | Docketing to mail notices. | | deputy initials | |
| | Mail AO 450 form. | | 11/29/2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| cw | courtroom deputy's initials | 01 NOV 30 PM 3:56 Date/time received in central Clerk's Office | MQM mailing initials | |

DOCKETED
DEC 0 3 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOANN ALEK, )
)
        Plaintiff, )
)
v. ) No. 99 C 7421
)
UNIVERSITY OF CHICAGO HOSPITALS, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Joann Alek alleges that defendant University of Chicago Hospitals discriminated against her in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. She alleges that defendant failed to accommodate her disability and failed to rehire her. Presently pending are defendant's motion for Rule 37 sanctions and plaintiff's related motions and discovery motion.

Defendant seeks fees and costs related to two motions to compel and a telephonic ruling on objections that occurred during the deposition of plaintiff. Although defendant's present motion does not cite a specific subdivision of Rule 37, it apparently seeks fees pursuant to Fed. R. Civ. P. 37(a)(4).[1] If a motion to

---

[1] One of the motions to compel for which plaintiff seeks compensation cites Fed. R. Civ. P. 37(a)(4)(A). See Docket Entry 34 at 3.

compel is granted, Rule 37(a)(4)(A) provides that "the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." When the motion to compel is granted in part and denied in part, Rule 37(a)(4)(C) provides that "the court . . . may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."

The Seventh Circuit has held that Rule 37(a)(4) contains a presumption that the victor on a motion to compel is entitled to its costs, including attorney fees. Rickels v. City of South Bend, Ind., 33 F.3d 785, 786-87 (7th Cir. 1994). Where the motion to compel is granted, the burden is on the opposing party to show that an award of costs would be unjust or that the opposing party's position was substantially justified. Id. at 787; Steadfast Insurance Co. v. Auto Marketing Network, Inc., 1999 WL 446691 *1 (N.D. Ill. June 23, 1999); Brunswick Leasing Corp. v. ITSI Management Services Corp., 1991 WL 49615 *2 (N.D.

Ill. April 3, 1991). Substantially justified does not mean
"'justified to a high degree,' but rather 'justified in substance
or in the main'--that is, justified to a degree that could
satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552,
565 (1988). See also Rickels, 33 F.3d at 787; Steadfast, 1999 WL
446691 at *2. In determining if plaintiff's conduct was
substantially justified or if the imposition of sanctions would
be unjust, it must be taken into account that plaintiff has been
proceeding pro se. Downs v. Westphal, 78 F.3d 1252, 1257 (7th
Cir. 1996). That, however, does not afford plaintiff a general
dispensation from following court rules or adhering to deadlines.
Id. (quoting Jones v. Phipps, 39 F.3d 159, 163 (7th Cir. 1994)).
Additionally, any "award of sanctions must be proportionate to
the circumstances surrounding the failure to comply with
discovery." Crown Life Insurance Co. v. Craig, 995 F.2d 1376,
1382 (7th Cir. 1993). The only fees and costs that would be
reimbursed would be those (a) that defendant demonstrably
incurred, (b) that are reasonable, and (c) that are in fact the
product of plaintiff's failure to appear at her deposition,
answer questions, or produce the requested documents, and the
motion practice and discovery that ensued in connection with such
failures. Illinois Tool Works, Inc. v. Metro Mark Products,
Ltd., 43 F. Supp. 2d 951, 962 (N.D. Ill. 1999)

The first motion to compel to which the requested fees
relate is defendant's March 19, 2001 motion to compel plaintiff's

- 3 -

deposition or in the alternative to dismiss the case (Docket Entry 38). On February 9, 2001, defendant sent plaintiff a notice of deposition for April 9, 2001, but included a cover letter referring to a March 30, 2001 deposition date. On March 5, 2001, the court received plaintiff's motion to strike (Docket Entry 26) the deposition on the ground that plaintiff was not represented by counsel and because of the contradictory dates. On March 12, plaintiff's motion to strike was denied and a previously filed motion for appointment of counsel was denied. See Docket Entry 27. In a letter dated March 9, 2001, defendant advised plaintiff that the correct date was April 9 and that it would bring a motion to compel if plaintiff did not confirm that she would appear at that time. Defendant's counsel also attempted to contact plaintiff by telephone, but was unsuccessful in contacting her.

Defendant's motion to compel was not granted in full: the alternative motion to dismiss was denied and the date ordered for plaintiff's deposition was April 18, not the requested April 9.[2] Therefore, Rule 37(a)(4)(C) applies to the sanction request concerning this motion to compel. Plaintiff is a pro se litigant with limited financial resources. She now lives in Florida and also has her father accept mail for her at an address in Indiana, just outside of Chicago and the Northern District of

---

[2] By mutual agreement, the deposition was subsequently reset to May 1, 2001.

Illinois. Plaintiff apparently stays at various locations when she is in the Chicago area and therefore is not easily contacted by telephone. Plaintiff had reasons for opposing the April 9 deposition date and the court did not order that she attend on that specific date. After the April 18 date was ordered, the parties were able to cooperate and mutually agree to further dates. Since plaintiff was justified in opposing the April 9 deposition date, fees will not be awarded for the motion to compel her attendance at that deposition. Alternatively, plaintiff's financial condition and living arrangements make it difficult for her to be available to attend discovery proceedings in Chicago. In light of that situation, it would not be just to impose sanctions because defendant had some difficulties pinning plaintiff down to a date plaintiff could be available for her deposition.

During plaintiff's deposition on May 1, 2001, defendant attempted to question plaintiff regarding her business activities with horses. Plaintiff objected to such questioning on the ground that character and habit evidence is not admissible. Defendant contended such evidence was relevant to mitigation of damages and plaintiff's ability to work despite her alleged disability. The deposition was adjourned so that defense counsel could attempt to contact the assigned judge to obtain a ruling by telephone. Since the assigned judge was not sitting at the time and no referral had been made to the assigned magistrate judge,

the emergency judge was eventually contacted by telephone and he ruled that plaintiff should answer such questions. Plaintiff continued to decline to answer the questions because she had no way of knowing if it had been the emergency judge on the telephone. The emergency judge was again contacted to provide confirmation that it had been a judge on the telephone and plaintiff thereafter answered the questions. Defendant seeks compensation for one hour of attorney time spent locating a judge and hearing the objections.

It is unclear if this situation falls under Rule 37(a)(4). Rule 37(a) clearly contemplates a written motion to compel that is presented in court since it refers to reasonable notice (37(a) (introductory sentence)), certification of an attempt to resolve the dispute (37(a)(2)(A)-(B), 37(a)(4)(A)), and a "motion [that] was filed" (37(a)(4)(A)). Defendant does not cite, and this court has not found, any case that has awarded Rule 37(a)(4) sanctions related to an oral telephonic ruling on objections raised during the pendency of a deposition. Cases have held that oral rulings satisfy the order requirement for Rule 37(b) sanctions based on failure to comply with a court order. See Jones v. Uris Sales Corp., 373 F.2d 644, 647-48 (2d Cir. 1967); Jones v. Clinton, 36 F. Supp. 2d 1118, 1126 n.13 (E.D. Ark. 1999). But, under Rule 37(b), the focus is on

contempt for a court order.³  Under Rule 37(a), the focus is on a party having to go through the expense and trouble of bringing a motion to compel.  A telephone call for a contemporaneous ruling while a deposition is ongoing is not likely to involve as much expense.  In the present case, it took defense counsel a while to locate an available judge, but this still only involved one hour's time.  This court declines to find that Rule 37(a) sanctions apply to this type of the situation where no formal, written motion to compel was ever presented in court.  Sanctions will not be imposed.

Last, defendant seeks compensation for pursuing its motion to compel plaintiff's continued deposition and response to discovery (Docket Entry 34).  Defendant moved to compel plaintiff to produce certain tax documents, certain documents related to employment and business partnerships, and to answer questions on those subjects.  On June 6, 2001, defendant's motion to compel was essentially granted in its entirety. See Docket Entry 35.  The order recites that the motion is "granted in part and denied in part," but the only parts that were denied were the request for monetary sanctions (which were to be specifically raised in a

---

³Initially, plaintiff declined to follow the court's ruling because she had no verification that the voice on the other end of the telephone was a judge.  After plaintiff was shown a listing of the judge's telephone number and a call was made to that number, plaintiff was satisfied that the person on the telephone was a judge.  Any further delay after that was minimal.  Therefore, there is no sufficient basis for imposing Rule 37(b) sanctions.

later motion) and the specific dates requested for production and plaintiff's deposition were modified by a few days. All substantive aspects of the motion were granted. During the previous dispute resolved by the emergency judge, it had been ruled that plaintiff's other business and employment opportunities were proper subjects of discovery. Plaintiff points to no substantial justification for failing to initially provide the documents and answer the questions. Defendant is entitled to its fees and expenses properly related to this motion.

The motion to compel is three pages long plus one more page of requested relief. There are no case citations in the motion. For drafting the motion, defendant requests $440 representing 2.75 hours of attorney time at $160 per hour. Defendant also requests $60, representing a half hour of law clerk time at $120 per hour for filing the motion. Additionally, defendant requests $680 for 4.25 hours of attorney time preparing for and appearing at the continued deposition, as well as the $90 cost for the court reporter attending a different day of deposition.

No specific support is provided for the rate charged, but there is no objection to the rate and $160 per hour appears reasonable for an associate at a Chicago law firm.[4] Two hours

---

[4] Sullivan's Law Directory indicates that counsel was admitted to practice in Illinois in 1994.

($320) is found to be a reasonable amount of time to draft the motion to compel. A rate of $120 per hour is not a reasonable charge for filing a document. Compensation of $20 will be allowed for the equivalent of messenger service to file the document. No compensation will be allowed for further preparation and appearance at the continued deposition. Such preparation and deposition time would have occurred even if plaintiff had provided the documents and answered the questions at an earlier time. On the understanding that the deposition otherwise would have been completed on May 2, 2001 without an additional daily charge by the court reporter, the $90 court reporter fee will be awarded. Defendant will be awarded $430 in fees and expenses.

Plaintiff moves to admonish defendant (or enter an injunction) because defendant's reply in support of its sanction motion employs negative adjectives to describe plaintiff's conduct. Plaintiff also complains about being mischaracterized as a "sophisticated pro se litigant," contending she is just a "simple" _pro se_ litigant. While there is no need to be unduly pejorative in describing an opposing party, it is not found that defendant has crossed that line. Plaintiff's motion will be denied.

Plaintiff moves to strike those portions of her deposition that occurred after the emergency judge was contacted because there was no emergency and defense counsel used

intimidation. Under this court's rules, the emergency judge may rule on matters when the assigned judge is not sitting. See Loc. R. 77.2. It was appropriate to attempt to resolve the dispute so that the deposition could continue and the emergency judge was the appropriate judge to rule on the matter since the assigned judge was not sitting at the time. The deposition excerpts have been read and it is not found that defense counsel engaged in any improper conduct. Plaintiff's motion to strike will be denied.

Plaintiff moves to compel defendant to provide interrogatory answers specifically answered by persons that plaintiff contends are the ones with actual knowledge to answer the interrogatories. Much of the responses to interrogatories consists of objections to the factual assertions or legal characterizations contained in plaintiff's interrogatory questions. Plaintiff has not specifically complained about any of these objections. No basis is presented for requiring defendant to provide additional responses or responses verified by additional employees of defendant. Plaintiff's motion to compel will be denied.

Plaintiff's recently filed motion for sanctions from multiple violations by defense counsel conclusorily asserts various rules and their purported violation. The assertions are not supported by fact nor are the assertions supported by the deposition excerpts that have been provided by the parties. The motion will be denied.

Discovery in this case is closed. The next step in this case is to file dispositive motions or submit the final pretrial order. <u>See</u> Loc. R. 16.1; Loc. R. Forms 16.1.1, 16.1.3. Submission of the final pretrial order is set for January 16, 2002 at 11:00 a.m. However, if prior to that date, either party presents a summary judgment motion with a supporting brief, exhibits, and the required statements of fact (<u>See</u> Loc. R. 56.1, 56.2), filing of the final pretrial order will be postponed until after ruling on summary judgment. By December 21, 2001, defendant shall inform plaintiff if it intends to file a summary judgment motion.

IT IS THEREFORE ORDERED that plaintiff's motions to admonish and/or issue an injunction [47], to strike deposition [48], to compel withdrawal and amended answers or alternatively enter judgment [49], and for sanctions from multiple violations by defense counsel under FRCP or in the alternative render a judgment by default against defendant [55] are denied. Defendant's motion for fees and costs [40] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff in the amount of $430.00 representing sanctions under Fed. R. Civ. P. 37(a)(4). In open

court on January 16, 2002 at 11:00 a.m., the parties shall submit an original and one copy of a final pretrial order in full compliance with Local Rule 16.1 and Local Rule Forms 16.1.1 and 16.1.3.

ENTER:

*/s/ William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 29, 2001