Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7421 | **DATE** | 8/13/2002 |
| **CASE TITLE** | Joann Alek vs. University of Chicago Hospitals | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion to stay enforcement of the judgment pending appeal [79] is granted in part and denied in part. Enforcement of the judgment is stayed until September 13, 2002. By September 9, 2002, plaintiff must file an affidavit adequately showing indigency. Failure to timely make an adequate showing will result in the entry of judgment for costs in favor of the defendant and the stay will expire without being further extended.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 86 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/13/2002 | |
| cw | courtroom deputy's initials | 02 AUG 13 PM 4:15 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | date mailed notice rjm mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOANN ALEK, )
)
       Plaintiff, )
)
v. ) No. 99 C 7421
)
UNIVERSITY OF CHICAGO HOSPITALS, )
)
       Defendant. )

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Joann Alek brought suit against her former employer, defendant University of Chicago Hospitals, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. After the completion of discovery, defendant's motion for summary judgment was granted and judgment was entered dismissing plaintiff's cause of action. See Alek v. University of Chicago Hospitals, 2002 WL 1332000 (N.D. Ill. June 17, 2002). Also, judgment was entered awarding defendant $430.00 in sanctions under Fed. R. Civ. P. 37(a)(4). See Alek v. University of Chicago Hospitals, 2001 WL 1543518 (N.D. Ill. Nov. 30, 2001). Defendant timely filed a bill of cost. Thereafter, plaintiff timely filed a notice of appeal, her objections to the bill of costs, and a motion to stay enforcement of the judgment during the pendency of the appeal.



Plaintiff does not raise any specific objections to defendant's bill of costs. Instead, she asserts that she cannot be required to pay any costs because she was previously granted leave to proceed in forma pauperis. She conclusorily asserts, in her unsworn, unverified brief: "Pro se plaintiff, has been disabled over 8 years, has not been employed since April 2000, and has managed to earn only approximately $7,500 in the last 8 years."

There is a strong presumption in favor of awarding costs to a prevailing party, but it may be overcome by a showing of indigency by the losing party. McGill v. Faulkner, 18 F.3d 456, 457 (7th Cir.), cert. denied, 513 U.S. 889 (1994); Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1165 (7th Cir. 1983); Sanglap v. LaSalle Bank, FSB, 194 F. Supp. 2d 798, 801 (N.D. Ill. 2002). The burden is on the losing party to show that he or she is indigent. Corder v. Lucent Technologies, Inc., 162 F.3d 924, 929 (7th Cir. 1998); Davis v. Teamsters Local Union No. 705, 2002 WL 1359401 *1 (N.D. Ill. June 20, 2002). The nonprevailing litigant must be indigent, not merely a person with low income or limited financial resources. Sanglap, 194 F. Supp. 2d at 801; Davis, 2002 WL 1359401 at *1; Jansen v. Packaging Corp. of America, 1997 WL 583063 *1 (N.D. Ill. Sept. 12, 1997); Deimer v. Cincinnati Sub-Zero Products, Inc., 1994 WL 517246 *1 (N.D. Ill. Sept. 20, 1994), aff'd, 58 F.3d 341 (7th Cir. 1995). It is not just a matter of being unable to presently pay the costs; it must

also be shown that the litigant is not likely to be able to pay the costs in the future. McGill, 18 F.3d at 459; Sanglap, 194 F. Supp. 2d at 801; Jansen, 1997 WL 583063 at *1; Gordon v. Castle Oldsmobile & Honda, Inc., 157 F.R.D. 438, 440 (N.D. Ill. 1994). Even if a litigant is indigent, costs are not automatically waived and may still be awarded at the court's discretion. McGill, 18 F.3d at 460; Plair v. E.J. Brach & Sons, Inc., 1995 WL 387789 *2 (N.D. Ill. June 28, 1995); Gordon, 157 F.R.D. at 440. Additionally, the litigant claiming indigency must provide specific evidence establishing his or her indigency. McGill, 18 F.3d at 459; Cross v. Roadway Express, 1994 WL 592168 *1 (N.D. Ill. Oct. 26, 1994).

Plaintiff's affidavit in support of her motion to proceed in forma pauperis was filed in Kentucky in late 1999. Plaintiff's present objection is not supported by any financial affidavit and she provides no details as to her current finances, only the one sentence in her brief that is quoted above. Plaintiff provides no details as to her present living situation and evidence in the case shows that she has lived with her father, who apparently has provided her with shelter if not food and financial assistance as well. Plaintiff also provides no financial information regarding the business partnerships she has been in with other family members. Plaintiff has not met her

burden of showing that she is presently indigent.  <u>Davis</u>, 2002 WL 1359401 at *1.

Although, plaintiff has not raised any specific objections to the bill of costs, the bill of costs has been examined for reasonableness.  The claimed amounts all appear reasonable and appropriate for the case with one exception.  As to transcript costs, defendant has claimed $3.00 per page plus the court reporter's appearance fee.  Under this court's Local Rules, transcript fees claimed in a bill of costs are limited to rates official court reporters of this court are permitted to charge.  <u>See</u> N.D. Ill. Loc. R. 54.1(b); <u>In re Meyer</u>, 1998 WL 160989 *3 (N.D. Ill. April 1, 1998).  That fee schedule is limited to $3.00 per page with no additional appearance, attendance, or sitting fee.  The court reporter appearance fees totaling $449.00 will not be awarded as costs.  <u>Meyer</u>, 1998 WL 160989 at *3.  Defendant has shown that it is entitled to $2,307.92 in costs.

Last, plaintiff seeks a stay of enforcement of the $430.00 judgment, conclusorily asserting that enforcement of the judgment would inflict irreparable harm on herself and her father and brother.  Plaintiff provides nothing to support this assertion.

IT IS THEREFORE ORDERED that plaintiff's motion to stay enforcement of the judgment pending appeal [79] is granted in part and denied in part.  Enforcement of the judgment is stayed

until September 13, 2002. By September 9, 2002, plaintiff must file an affidavit adequately showing indigency. Failure to timely make an adequate showing will result in the entry of judgment for costs in favor of the defendant and the stay will expire without being further extended.

ENTER:

*William T Hart*
UNITED STATES DISTRICT JUDGE

DATED: August 13, 2002